Mitchell, ex parte.

## MITCHELL, *Ex parte.*

One who has been recognised to appear as a witness in a public prosecution, is entitled to his fees for travel and attendance, to be paid by the county.

PETITION of Joseph Mitchell, of Manchester, in this county, showed that he was requested to attend as a witness on behalf of the State, upon the complaint of James Wallace against David Dow, tried before Joseph Cochran, Jr., a justice of the peace, and did attend one day, was sworn, and testified as a witness in said case, and was ordered by the justice to recognize for his appearance as a witness in that case at the court of common pleas then next to be holden in said county, and did so recognize, and did attend as such witness at the January term of the court at Amherst, and was then required again to recognize for his appearance at the April term of the court, and did so recognize and attend, and was sworn and testified as a witness before the grand jury in support of the complaint; that he travelled at each of said terms sixteen miles each way, and attended at the January term one day, and at the April term six days, and that he had presented his account for his services to the solicitor for the county of Hillsborough, who declined to allow the same.

Wherefore the petitioner prayed that his said claim

might be allowed, and an order made by this court upon the county treasurer for the payment of the same.

*Dudley,* for the petitioner.

WOODS, J. It is the duty of the solicitor to examine and audit all claims against the county, to tax all bills of cost accruing in any proceeding where the State or county is interested, subject to be re-examined, and increased or diminished by the court. Rev. Stat., chap. 13, sec. 5. The party who moves the court for an allowance of his claim has presented it to the solicitor, who has declined to allow it; and, the question having come before the court of common pleas, has been transferred to this court.

It appears to be settled by the third rule adopted by the court at the September term in 1827, which is, "No witness shall be paid by the county for travel and attendance before the grand jury, unless a bill be found. Provided, however, that those who have entered into recognizance to appear, or have been summoned at the request of the attorney-general, shall not be considered as within this rule." It is believed that the practice has been in conformity with the rule referred to ever since its adoption.

The party here was bound by his recognizance to appear, and therefore is within the very reasonable exception to the rule. No good cause appears for disallowing his claim.

*Claim allowed.*